IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESTATE OF CAROL KLIGGE, | ) | CIV F 05-1519 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER ON STIPULATED |
| | ) | AGREEMENT TO AMEND |
| v. | ) | COMPLAINT AND RELATED |
| | ) | ORDERS |
| FIDELITY MORTGAGE OF | ) | |
| CALIFORNIA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This is an action by the estate of Carol Kligge ("Plaintiff") against a number of financial institutions for the alleged failure of the institutions to adequately protect Carol Kligge's financial interests.  None of the ten named defendants have filed an answer in this case.  Between December 5, 2005, and January 5, 2006, defendants Union Bank of California, N.A., American Travel Related Services Company, Inc., Alliance Title Co., and Cal-Western Reconveyance Corp. each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Hearing on all the motions to dismiss, except the motion by Cal-Western Reconveyance Corp., were scheduled for January 30, 2006.  The motion to dismiss by Cal-Western Reconveyance Corp. was scheduled for hearing on February 27, 2006. On January 20, 2006, Plaintiff filed a first amended complaint (the "FAC").  Four days later, on January 24, 2006, the parties filed a stipulated agreement titled "Stipulation to Allow Complaint to be Amended and Motions Currently on Set to be Removed From the Calender" (the "stipulated

agreement"). A separate proposed order was filed at the same time.

Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Id.; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005). Thus, where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court. Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, the Defendants did not file answers, but instead filed Rule 12(b)(6) motions and related motions to strike and for a more definite statement. As no prior amended complaints have been filed, Plaintiff is entitled to file an amended complaint as a matter of course under Rule 15(a), no stipulation of the parties is necessary. The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent. Defendants' Rule 12(b)(6) motions, as well as any related motions to strike or for a more definite statement that challenge Plaintiff's original and now "non-existent" complaint, are therefore moot.

The court notes the ambiguity that arises in the parties' stipulated agreement in light of the fact the stipulated agreement was filed four days after the FAC was filed. Does the stipulated agreement refer to the FAC that had been previously filed or to a new amended complaint that is to be filed at a later time? The stipulated agreement refers only to a "complaint" which the parties agree may be amended. In the stipulated agreement the parties also agree Defendants will have thirty days from the date of service of the amended complaint to respond.. The court presumes at this point that the stipulated agreement refers to the FAC, which was filed four days before the stipulated agreement. The court presumes that the stipulation was filed after the FAC

2

because of the time necessary to collect the signatures of the counsel for each of the parties. The court also presumes that no pleading other than the FAC filed on January 20, 2006, is authorized by the stipulated agreement. If the stipulate agreement establishes any agreement other that the agreement the court presumes, Plaintiff shall notify the court by filing a notice of intent to further amend the complaint or similar notice in keeping with the parties' actual agreement.

Accordingly, IT IS HEREBY ORDERED that all motions to dismiss or to strike the complaint that were filed prior to January 20, 2006, are hereby DENIED as moot. All hearing dates currently calendered for consideration of motions that are now moot are hereby VACATED. If the parties intend to proceed other than as reflected by the court"s understanding as discussed above, Plaintiff shall file a notice of the parties' intentions within seven (7) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:    January 26, 2006**                          /s/ Anthony W. Ishii
h2ehf                                                   UNITED STATES DISTRICT JUDGE