IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CAROL KLIGGE,<br><br>           Plaintiff,<br><br>     v.<br><br>FIDELITY MORTGAGE OF CALIFORNIA, et al.<br><br>           Defendants. | CIV F 05-1519 AWI DLB<br><br>ORDER ON MOTIONS TO DISMISS BY FINANCIAL ENTITY DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(6)<br><br>[Documents No. 42, 46, 49, 50, and 52] |

This is an action by the estate of Carol Kligge ("Plaintiff") against a number of financial institutions for the alleged failure of the institutions to adequately protect Carol Kligge's financial interests, against several individuals for fiduciary abuse of a disabled person, and against certain healthcare business entities for failure to protect or properly supervise.  Currently before the court are motions to dismiss the First Amended Complaint by defendants Alliance Title Company and their employee, Susan White, Union Bank of California, N.A., Greenpoint Mortgage, Inc., Fidelity Mortgage of California, Inc., Mortgage Electronic Registration Systems, Inc., and American Travel Related Services, Inc. (collectively, the "financial entity Defendants").  Plaintiff has filed no opposition to the motions to dismiss by the financial entity Defendants.  For the reasons that follow, the court will grant the motions to dismiss.

Federal question jurisdiction exists pursuant to 28 U.S.C., § 1331.  Venue is proper in this court.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This action was removed to this court from the Superior Court of Stanislaus County on November 28, 2005.  The removal was pursuant to 28 U.S.C., § 1441(b) (Federal Question).  In December of 2005 and January of 2006, several of the financial entity Defendants filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On January 20, 2006, Plaintiffs filed their First Amended Complaint ("FAC").  The court denied as moot the motions to dismiss that were pending at the time the FAC was filed.  The financial entity Defendants filed or re-filed their motions to dismiss between February 8, 2006 and February 21, 2006.  No opposition to the motions to dismiss was ever filed.  Notices of failure to oppose were filed by Defendants Alliance Title and American Express Travel Related Services.

The factual background of this case can be succinctly stated for purposes of the motions now before the court.  The FAC alleges that individual defendants Tammy Hall, Brittany Hall, and Nora Padilla conspired with Lyla L.Hall[1], the live-in caretaker for decedent Carol Kligge ("Kligge"), to fraudulently obtain power of attorney from Kligge and to use the power of attorney to remove funds from Kligge's bank account, to take possession of Kligge's personal property, use Kligge's home to secure loan proceeds, and to use Kligge's bank accounts to obtain credit cards.  The FAC alleges that two powers of attorney were executed by Lyla Hall; one of which was notarized by individual defendant Charlotte D. Rupp, and the other was notarized by individual defendant Sylvia E. Payan (hereinafter, the "Power(s) of Attorney").  Both Powers of Attorney are alleged to have been executed and notarized without the participation of Kligge and without adequate witness.

The FAC alleges that the healthcare entity defendants, Visiting Nurses Association of the Central Valley and Carescope (aka Real Care) negligently supervised their employee Lyla Hall.  Plaintiff's  fourth claim for relief alleges financial entity Defendants Fidelity Mortgage of

---

[1] For reasons that are not clear from the complaint, Lyla Hall is not a defendant in this case.  She is, however, alleged to be a central figure in the conspiracy.

2

California ("Fidelity"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Greenpoint Mortgage, Inc. ("Greenpoint") were negligent under the federal Real Estate Settlement Procedures Act, 12 U.S.C., § 2601 et seq. ("RESPA") and under the federal Truth In Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA").  The sixth and seventh claims for relief allege negligence and breach of contract, respectively, against financial entity Defendant American Express Travel Related Services ("American Express"), and the eighth claim for relief alleges negligence against financial entity Defendant Union Bank of California ("UBC").

The remaining motion to dismiss was filed by Alliance Title Company and their employee Susan White.  As Alliance Title's memorandum in support of their motion to dismiss points out, Susan White is mentioned in the list of defendants but no specific acts are alleged against her.  Alliance Title Company is not mentioned anywhere in the FAC.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

**DISCUSSION**

The motions now before the court are the motions to dismiss by each of the financial entity Defendants plus individually named defendant Susan White.  Each of the motions will be discussed briefly below.

**I. Alliance Title Company and Susan White**

Alliance Title and Susan White contend that the FAC fails to allege any acts by Susan White that connect her to the alleged conspiracy, or to any duty to protect Kligge from the acts of others.  Alliance Title also contends the FAC fails to allege anything at all with respect to Alliance Title.  The court has examined the FAC and agrees with Alliance Title's contentions.  The FAC makes only a generalized statement to the effect that Susan White, in her role as notary, is responsible in part for damages to Kligge.  No specific acts by Susan White are alleged.  There are no allegations in the FAC at all that mention Alliance Title.  "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  The court finds the minimal requirements of notice pleading have not been met as to Alliance Title or as to Susan White.  The FAC will therefore be dismissed as to these Defendants.

**II. Union Bank of California**

Plaintiff's eighth claim for relief alleges UBC was negligent "when they permitted Lyla Hall to open and maintain accounts in the name of Carol Kligge with a Power of Attorney that, on its fact, should have raised concern in any banking transaction.  Instead, Lyla Hall and [individual] Defendants [Tammy] Hall and Brittany [Hall] were permitted easy access to Carol Kligge's money and proceeded to deplete her accounts." FAC at 15:9.  In addition, the FAC generally alleges that UBC "had a fiduciary duty to Carol Kligge, who was a disabled quadriplegic elderly person with Multiple Sclerosis, to make reasonable inquiry into the

4

sufficiency of the power of attorney.  UBC breached that duty in that they failed to note that the Power of Attorney was questionable and failed to make reasonable inquiry into its origin.  UBC was negligent by allowing Lyla Hall and [individual] Defendants [Tammy] Hall and Brittany [Hall] to disgorge funds from Carol Kligge's bank account with UBC."  FAC at 10:27-11:5.

As an initial matter, UBC contends Plaintiff has failed to state a claim upon for which relief may be granted because Plaintiff failed to allege specifically that Kligge or Hall or anyone else connected with the case had an account with UBC.  The court agrees the claim against UBC is poorly and ambiguously pled, but the court finds that the general allegation against UCB set forth at paragraph 52 on p. 11 of the FAC is sufficient to provide notice that Kligge had a bank account at UBC that the individual Defendants are alleged to have emptied.  Whether the individual Defendants had a separate bank account with UBC that received the funds taken from Kligge's account is not resolved by the FAC.

UBC further contends that, notwithstanding the adequacy or inadequacy of the pleading against UBC, UBC had no fiduciary duty to Kligge as a result of any account she may have had with the bank and UBC had a right to rely on the authenticity of Kligge's signature that appeared on the notarized Power of Attorney.  On these points, UBC is correct.

As UBC points out, it is well established that the relationship between a bank and a depositor is that of debtor and creditor, and that the obligations that arise between the parties are those that arise as a result of their contractual relationship.  Chazen v. Central Bank, 61 Cal.App.4th 532, 537 (1st Dist. 1998).  No fiduciary relations ship arises as a result of the bank-depositor relationship and the bank has no duty to supervise account activity.  Id.

Although Plaintiff's theory of UBC's liability is not entirely clear from the FAC, it is clear that the starting point of Plaintiff's allegation of negligence is UBC's willingness to accept without further investigation the Power of Attorney that bore the "X" signature of Kligge and was fraudulently notarized by either Rupp or Payan.  UBC had no duty to investigate further.  Subdivision (d) of section 1185 of the California Civil Code provides that "[a]n officer who has

5

taken an acknowledgment pursuant to this section shall be presumed to have operated in accordance with the provisions of law." Where a third party relies on a notarial certificate that is falsely obtained to the injury of a party, the "falseness of the certificate constitutes the proximate cause of the injured party's loss," and no liability is allocated to the third party relying on the certificate. Luttrell v. Columbia Cas. Co., 136 Cal.App. 513, 516 (1st Dist. 1934).

To the extent Plaintiff's eighth claim for relief might be construed as alleging that UBC had a duty to protect Kligge's bank account from being emptied by Hall and her co-conspirators, it well established that no such duty exists.

> Financial Code section 953 provides: "When the depositor of a commercial or savings account has authorized any person to make withdrawals from the account, the bank, in the absence of a written notice otherwise, may assume that any check, receipt, or order of withdrawal drawn by such person in the authorized form or manner, including checks drawn to his personal order and withdrawal orders payable to him personally, was drawn for a purpose authorized by the depositor and within the scope of the authority conferred upon such person."

Chazen, 61 Cal.App.4th at 538. The reluctance of courts to allocate a duty to banks to investigate the authenticity of withdrawals from bank accounts that are, on their face, authorized is a reflection of the understanding that the imposition of such a duty would substantially impede the flow of commerce. Kane v. Bank of America Nat'l Trust & Savings Ass'n, Inc. 67 Cal.App.4th 1192, 1199 (2nd Dist. 1998).

In view of the well established absence of any fiduciary duty of banks to their depositors or duty to act as monitors of the activities of those withdrawing or depositing funds, combined with the well established right of UBC to rely on the notarization of Kligge's forged "X" on the Power of Attorney, the court must conclude the FAC fails to set forth any facts that could support a claim against UBC upon which relief can be granted. Dismissal of the claim is therefore warranted.

**III. American Express Travel Related Services**

American Express is a company that issues credit cards. The FAC alleges that Lyla Hall, using a fraudulently obtained Power of Attorney opened a consumer credit account with

American Express in the name of Carol Kligge and that American Express received funds that were stolen from Kligge.  Plaintiff's sixth claim for relief alleges American Express was negligent in allowing Lyla Hall to open the account without investigating the Power of Attorney which bore indicia of inauthenticity.  Plaintiff's seventh claim for relief alleges American Express breached its contract with Carol Kligge by failing to protect her from the fraud of Lyla Hall and others.

The allegation that is central to Plaintiff's claim of negligence is that American Express had a duty to examine the Power of Attorney that was notarized by Rupp and bore Kligge's "X" signature.  Plaintiff alleges that the fact the Power of Attorney was signed with an "X" and the fact that the witness to the signature had the same last name as the attorney in fact should have indicated to American Express that further investigation was warranted.  Plaintiff's negligence claim must for fail for the reason discussed earlier; pursuant to Luttrell, American Express had the right to rely on the certificate of acknowledgment that was affixed to the Power of Attorney. Here as well, the relationship between American Express and Kligge was that of debtor and creditor and no fiduciary relationship was established.  Chazen, 61 Cal.App.4th at 537.  Neither did American Express have a duty to monitor the source of funds into the account or the use of the card by the person or persons authorized to do so by the Power of Attorney.

Plaintiff's breach of contract claim is based on alleged advertising by American Express that promised "superior fraud protection to its customers."  The FAC does not cite the provisions of a contract between American Express, nor does it allege the account was opened in reliance on the promise of superior fraud protection.  The FAC does not append or incorporate by reference any contract.

American Express correctly contends that generalized advertising claims, such as the advertising claim cited by Plaintiff, do not create a contract between the advertiser and the customer.  Sinai Memorial Chapel v. Dudler, 231 Cal.App.3d 190, 198-199 (1st Dist. 1991). Simply put, the FAC implies American Express had a contractual obligation to prevent the

opening of a credit account in Kligge's name by use of a forged power of attorney, but the FAC fails to specify the contractual terms that create such duty. The FAC also fails to set forth any legal theory that would support the contention that American Express was bound by a contractual duty as a result of their advertisement.

The court has reviewed the copy of the "Agreement Between Rewards Plus Gold Card Member and American Express Centurion Bank" (hereinafter the "Agreement") that was submitted as an exhibit to American Express's motion to dismiss. The court notes the Agreement sets forth a number of "Protection Plans" that cover such things as loss or damage to purchases, damage arising from car rentals, loss of luggage, and the like. The court finds nothing in the Agreement that could arguably be held to give rise to a duty on the part of American Express to prevent the opening of an account in reliance on a forged or falsely certified power of attorney.

Because the FAC provides no basis for the existence of a duty on the part of American Express to prevent or protect Kligge from the acts of others that resulted in financial harm to her, dismissal of Plaintiff's claims against American Express is appropriate.

**IV. Greenpoint Mortgage, MERS, and Fidelity Mortgage**

Plaintiff's fourth claim for relief alleges "negligence under RESPA and TILA" against Greenpoint and Fidelity, who were lending organizations that negotiated refinance loans with Lyla Hall on behalf of Kligge using the allegedly forged or falsely certified Power of Attorney. The FAC does not specify the role of MERS as an actor in the claim for relief other than to state that MERS "is a beneficiary of the security instrument fraudulently obtained from Plaintiff." FAC at ¶ 5. Plaintiff's primary factual allegation with respect to each of these Defendants is that they had a duty to investigate the authenticity of the Power of Attorney and thereby to prevent harm to Kligge.

"RESPA is a consumer protection statute that regulates the real estate settlement process. Hardy v. Regions Mortgage, 2006 WL1452666 (11th Cir. 2006) at *2. It is a broad statute that is

8

directed at many things that increase the cost of real estate transaction. Durr v. Intercounty Title Co. of Illinois, 14 F.3d 1183, 1187 (7th Cir. 1994). "RESPA is the principle federal statute regulating the activities of real estate brokers." Beyer v. Heritage Realty, Inc., 251 F.3d 1155, 1158 (7th Cir. 2001). Among the issues address by RESPA are requirements for certain disclosures to real estate loan applicants that the loan may be sold or transferred while the loan is outstanding, RESPA, § 6, preparation of itemized escrow account statements, § 10, and prohibitions against kickbacks to third parties for referral of real estate settlement business, § 8. The FAC provides no indication as to what provision of RESPA, if any, provides a cause of action for negligent execution of a real estate refinance loan. As noted above, under notice pleading, a plaintiff has the duty to allege a legal basis that would entitle him or her to relief. To simply intone some particular statute is not sufficient; particularly where, as here, there is no readily apparent provision in the statutory scheme that provides for recovery of damages for the type of harm alleged. Defendants Greenpoint MERS and Fidelity contend, and this court agrees, that the FAC fails to allege any facts that would entitle Plaintiff to recover damages under RESPA, and Plaintiff has not opposed that contention. Dismissal is therefore appropriate.

Similarly, TILA is a consumer protection statute whose purpose is to "provide 'the informed use of credit' by requiring 'meaningful disclosure of credit terms' to consumers. [Citations.]" Virachack v. University Ford, 410 F.3d 579, 585 (9th Cir. 2005). "TILA focuses on disclosure and does not serve as an umbrella statute for consumer protection in real estate transactions." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1011 (9 Cir. 2003) (McKeown, J. dissenting). Here, as with Plaintiff's claim under RESPA, Plaintiff has merely intoned the name of a federal statute and has failed in any way to connect the provisions of the statute with the alleged acts of the Defendants in order to show that Plaintiff is entitled to relief.

To the extent Plaintiff's fourth claim for relief can be understood as being based on a theory of negligence, irrespective of the citation to TILA or RESPA, such a claim cannot be supported by the facts of this case. As discussed above, the financial entity defendants each had

no fiduciary duty to Kligge and they had a right to rely on the Power of Attorney notwithstanding the fact it was falsely certified.  Thus, all claims that allege negligence based on the entity Defendant's failure to discover the fraudulent nature of the Power of Attorney, including Plaintiff's fourth claim for relief, fail to allege facts that would entitle Plaintiff to recovery and are subject to dismissal.

THEREFORE, in accordance with the foregoing discussion, it is HEREBY ORDERED that the motions to dismiss the First Amended Complaint by defendants Alliance Title, Susan White, Union Bank of California, American Express Travel Related Services, Greenpoint Mortgage, Fidelity Mortgage, and MERS are each GRANTED.

IT IS SO ORDERED.

**Dated:    June 19, 2006**               **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE

10