**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF CAROL KLIGGE,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY MORTGAGE OF CALIFORNIA, et al.<br><br>Defendants. | CIV F 05-1519 AWI DLB<br><br>**ORDER DIRECTING ENTRY OF FINAL JUDGMENT AS TO ENTITY DEFENDANTS AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT ABILITY MORTGAGE**<br><br>**Documents #'s 94, 97, 98, 100 and 101** |

      This is an action by the estate of Carol Kligge ("Plaintiff") against a number of institutions for the alleged failure of the institutions to adequately protect Carol Kligge's financial interests and against several individuals for fraud, or failure to protect from the fraud of others. In an order filed June 20, 2006, the court dismissed Plaintiff's First Amended Complaint as to defendants Alliance Title Company, individual defendant Susan White, Union Bank of California, N.A., Greenpoint Mortgage Funding, Inc., Mortgage Electronic Registration Services ("MERS"), Fidelity Mortgage of California, Inc., and American Express Travel Related Services, Inc. In this order, the court addresses the motion for entry of final judgment as to defendants Union Bank of California, N.A., Greenpoint Mortgage Funding, Inc., MERS, Fidelity Mortgage of California, Inc., and American Express Travel Related Services, Inc. (the "entity Defendants"), and the motion for judgment on the pleadings by defendant Ability Mortgage, Inc. ("Ability"), a DOE defendant who is not mentioned by name in the First Amended Complaint ("FAC").

Plaintiff has filed no opposition to any of these motions.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The factual background of this action has been set forth in the June 20 Order and need not be repeated here. This action was removed to this court from the Superior Court of Stanislaus County on November 28, 2005. The removal was pursuant to 28 U.S.C., § 1441(b) (Federal Question). In December of 2005 and January of 2006, several of the entity Defendants filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 20, 2006, Plaintiffs filed their First Amended Complaint ("FAC"). The court denied as moot the motions to dismiss that were pending at the time the FAC was filed. The entity Defendants, filed or re-filed their motions to dismiss between February 8, 2006 and February 21, 2006. The motions to dismiss were unopposed and the court granted each of the motions to dismiss in the order filed June 20, 2006, (the "June 20 Order"). Each of the dismissed entity Defendants has filed a motion for entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. No opposition has been received as of the date of this order.

On June 23, 2006, Ability, a DOE defendant, filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. No opposition has been filed as to Ability's motion as of the date of this order.

## LEGAL STANDARD

Normally, a final judgment is not entered in an action until all claims have been resolved. However, Rule 54(b) of the Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment." Fed.R.Civ.P. 54(b). In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436

(1956).  Second, the court must determine whether there is any just reason for delay. Curtiss-Wright Corp., 446 U.S. at 7.  Simply stated, Rule 54(b) requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal.  See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2656 (1998).

## DISCUSSION

**I. Motions for Entry of Judgment Pursuant to Rule 54(b)**

The FAC names twelve individual defendants plus DOES 1-100, and alleges a total of eight claims for relief.  Thus, the first requirement of multiple parties for entry of judgment under Rule 54 is satisfied.

The claims against the entity Defendants are set forth in claims four through eight of the FAC.  The court, in the June 20 Order, dismissed each of Plaintiff's claims against the entity Defendants without leave to amend.  Each of the dismissed claims will be reviewed briefly to determine if each dismissed claim has been finally decided.

Plaintiff's fourth claim for relief is against Greenpoint Mortgage Funding, MERS and Fidelity Mortgage alleging these defendants were negligent under the federal Real Estate Settlement Procedures Act, 12 U.S.C., § 2601 et seq. ("RESPA") and under the federal Truth In Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA").  The court found summary judgment against Plaintiff was warranted with respect to the RESPA and TILA claims because neither statute provides a cause of action for negligence.  Further, the court found any claim of negligence against Greenpoint, Fidelity or MERS under California common law must fail because these financial entities do not owe a duty of care to Kligge's estate to prevent the harm alleged in the complaint.  Because there is no duty to prevent the harm alleged, and because the statutes cited do not regulate the type of conduct alleged to be the cause of harm to Plaintiff or Kligge's estate, the court determined that no further amendment of the complaint could state a claim upon which

relief could be granted.  The dismissal was therefore without leave to amend.  Plaintiff has not provided any authority that would contradict the court's finding.  The court therefore finds its dismissal of the RESPA and TILA claims against Greenpoint, Fidelity and MERS constitutes a final decision within the meaning of Rule 54(b).

Plaintiff's sixth and eighth claims for relief alleged negligence under California common law against American Express Travel Related Services and Union Bank of California, respectively.  The acts alleged in both cases were essentially the same; the FAC alleges these financial institutions made loans or opened credit accounts based on notarial statements authenticating the signature of Mrs. Kligge on application forms that the institutions had reason to know were fraudulent.  The court found as to both claims for relief that dismissal of the claims was proper because California law clearly establishes that financial institutions have the right to rely on notary statements authenticating signatures on forms and that these institutions do not have a fiduciary duty to investigate account transactions on behalf of account holders.  <u>See</u> June 20 Order at 4-6.

Again, because the defendant financial institutions have no duty to prevent the type of harm that was alleged in the FAC, the court dismissed the claims without leave to amend.  The dismissal of claims against American Express and UBC are therefore final for purposes of application of Rule 54(b).

Plaintiff's seventh claim for relief alleged breach of contract against American Express Travel Related Services ("American Exp;ress").  American Express opened a credit card account for Kligge.  The breach of contract claim was based on alleged advertising by American Express that promised "superior fraud protection to its customers."  The court, in the June 20 Order, dismissed the breach of contract claim, pointing out that a review of the referenced Agreement did not contain guarantees of protection against the type of harm alleged.  Instead the protection provisions of the card were for losses or damage to luggage, rentals or losses resulting from purchase of other travel related services.  Because the Agreement referenced in the FAC did not

guarantee against the type of loss Plaintiff or Kligge experienced, the court dismissed the breach of contract claim without leave to amend.  The court concludes the dismissal of Plaintiff's eighth claim for relief is final for purposes of application of Rule 54.

No party has offered any reason why judgment should not be entered in favor of the entity Defendants.  The claims against the entity Defendants are fundamentally different from the claims against the remaining defendants in that the claims against the remaining defendants are essentially claims of direct malfeasance, rather than claims for failure to protect.  There is no reason apparent to the court for the entity Defendants to be required to continue to receive and process filings, to attend scheduling conferences, or to otherwise expend any more time or money in the resolution of this case.

The court concludes the entity Defendants have set forth reasons why final judgment should be entered as to them that satisfy the requirements of Rule 54(b).  The court shall therefore direct that final judgment be entered as to the entity Defendants.

**II. Motion for Judgment on the Pleadings by Ability Mortgage**

Ability Mortgage is not a named defendant either in the original complaint or in the FAC. Ability Mortgage alleges it was served with a complaint and summons on November 18, 2005, as a DOE defendant.  Ability Mortgage was not added when the case was removed to this court nor when the FAC was filed.  The FAC does not specifically allege any claims against Ability or allege any conduct that could be the basis of a claim.  The FAC only makes the general, conclusory allegation that DOE defendants are responsible for damages to Plaintiff.

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989).  The court must assume the truthfulness of the material facts alleged in the complaint.  All inferences reasonably

drawn from these facts must be construed in favor of the responding party. <u>General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church</u>, 887 F.2d 228, 230 (9th Cir. 1989). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." <u>Dworkin v. Hustler Magazine Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989).

As the court observed in the June 20 Order:

> "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2)." <u>Porter v. Jones</u>, 319 F.3d 483, 494 (9th Cir. 2003).

The court finds Plaintiff has had ample opportunity to allege specific facts sufficient to state a claim in compliance with the minimum notice pleading standard of Rule 8(a)(2), but has failed to do so. Further, Plaintiff has offered no opposition to Ability's motion. Because Plaintiff has not met the minimum pleading standard necessary to state a claim upon which relief may be granted, dismissal of the claim pursuant to Rule 12 (c) is warranted.

THEREFORE, in consideration of the foregoing discussion:

1. The Clerk of the Court shall enter final judgment as to Defendants Union Bank of California, N.A., Greenpoint Mortgage Funding, Inc., Mortgage Electronic Registration Systems, Inc., Fidelity Mortgage of California, Inc., and American Express Travel Related Services, Inc.
2. Ability Mortgage's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is hereby GRANTED.

IT IS SO ORDERED.

Dated:   **August 24, 2006**                    /s/ Anthony W. Ishii
0m8i78                                          UNITED STATES DISTRICT JUDGE