IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CAROL KLIGGE,  )<br>  )<br>　　　　Plaintiff,　　　　　　)<br>  )<br>　v.　　　　　　　　　　　　)<br>  )<br>FIDELITY MORTGAGE OF　　)<br>CALIFORNIA, et al.　　　　　　)<br>  )<br>　　　　Defendants.　　　　)<br>  )<br>_____) | CIV F 05-1519 AWI DLB<br><br>ORDER DIRECTING ENTRY<br>OF FINAL JUDGMENT AS TO<br>ABILITY MORTGAGE, INC.<br><br>Document # 109 |

　　　This is an action by the estate of Carol Kligge ("Plaintiff") against a number of institutions for the alleged failure of the institutions to adequately protect Carol Kligge's financial interests and against several individuals for fraud, or failure to protect from the fraud of others. In an order filed August 25, 2006, the court entered final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to defendants Union Bank of California, N.A., Greenpoint Mortgage Funding, Inc., Mortgage Electronic Registration Systems, Inc., Fidelity Mortgage of California, Inc., and American Express Travel Related Services, Inc. Doc. # 104. The same order granted the motion of defendant Ability Mortgage, Inc. ("Ability") for judgment on the pleadings pursuant to Rule 12(c). In this order, the court continues the process of termination of the financial entity defendants by granting the unopposed motion of Ability for entry of final judgment pursuant to rule 54(b).

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The factual background of this action has been set forth in the court's prior orders and need not be repeated here. Plaintiff Estate of Carol Kligge ("Plaintiff") filed its First Amended Complaint ("FAC") on January 20, 2006. Ability Mortgage is not a named defendant either in the original complaint or in the FAC. Ability Mortgage alleges it was served with a complaint and summons on November 18, 2005, as a DOE defendant. Ability Mortgage was not added when the case was removed to this court nor when the FAC was filed. The FAC does not specifically allege any claims against Ability or allege any conduct that could be the basis of a claim. For this reason, the court granted Ability's unopposed motion for judgment on the pleadings in its order of August 25, 2006. On September 19, 2006, Ability filed the instant motion for entry of final judgment pursuant to Rule 54(b). No opposition has been received as of the date of this order.

**LEGAL STANDARD**

Normally, a final judgment is not entered in an action until all claims have been resolved. However, Rule 54(b) of the Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment." Fed.R.Civ.P. 54(b). In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Second, the court must determine whether there is any just reason for delay. Curtiss-Wright Corp., 446 U.S. at 7. Simply stated, Rule 54(b) requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal. See 10 Wright, Miller & Kane, Federal Practice

and Procedure: Civil 3d § 2656 (1998).

## DISCUSSION

The FAC names twelve individual defendants plus DOES 1-100, and alleges a total of eight claims for relief.  Thus, the first requirement of multiple parties for entry of judgment under Rule 54  is satisfied.

As previously stated, the FAC does not allege any specific claims against Ability, nor does it allege any conduct that could be considered the basis of a claim.  The FAC only makes the general, conclusory allegation that DOE defendants are responsible for damages to Plaintiff.  The court granted Ability's motion for judgment on the pleadings because Plaintiff failed to state any claim against Ability that complied with the minimum notice pleading standard of Rule 8(a)(2).  Thus, with respect to Ability, all Plaintiff's claims have been finally settled.

Plaintiff has had abundant opportunity to respond to Ability's motion for judgment on the pleadings and to oppose the instant motion for entry of final judgment.  The court can only presume at this point that Plaintiff has failed to state any claim against Ability because there is no set of facts that can be alleged in good faith that would support any of the claims set forth in the FAC as to Ability.  The court therefore concludes there is no reason to delay entry of final judgment in favor of Ability.

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that Ability's motion for entry of final judgment is hereby GRANTED.  The Clerk of the Court shall enter judgment in favor of defendant Ability Mortgage.

IT IS SO ORDERED.

**Dated:     November 3, 2006**            **/s/ Anthony W. Ishii**
0m8i78                         UNITED STATES DISTRICT JUDGE

3