IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CAROL KLIGGE,<br><br>    Plaintiff,<br><br>    v.<br><br>FIDELITY MORTGAGE OF CALIFORNIA, et al.<br><br>    Defendants. | CIV F 05-1519 AWI DLB<br><br>ORDER DIRECTING ENTRY OF FINAL JUDGMENT AS TO ALLIANCE TITLE COMPANY AND SUSAN WHITE.<br><br>Document # 118 |

    This is an action by the estate of Carol Kligge ("Plaintiff") against a number of institutions for the alleged failure of the institutions to adequately protect Carol Kligge's financial interests and against several individuals for fraud, or failure to protect from the fraud of others.  In an order filed June 20, 2006, the court dismissed individual defendant Susan White and financial entity defendants Alliance Title Company ("Alliance"), Union Bank of California, N.A., Greenpoint Mortgage, Inc., Fidelity Mortgage of California, Inc., Mortgage Electronic Registration Systems, Inc., and American Travel Related Services, Inc. .  In this order, the court continues the process of termination of the financial entity defendants by granting the unopposed motion of Alliance and Susan White for entry of final judgment pursuant to rule 54(b) of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

    The factual background of this action has been set forth in the court's prior orders and

need not be repeated here.  Plaintiff Estate of Carol Kligge ("Plaintiff") filed its First Amended Complaint ("FAC") on January 20, 2006.  In its order of June 20, 2006, the court granted Alliance and Susan White's unopposed motion for judgment on the pleadings finding that:

> The FAC makes only a generalized statement to the effect that Susan White, in her role as notary, is responsible in part for damages to Kligge.  No specific acts by Susan White are alleged.  There are no allegations in the FAC at all that mention Alliance Title.

Doc. No. 82 at 4:10-12.

On November 9, 2006, Alliance and Susan White filed the instant motion for entry of final judgment pursuant to Rule 54(b).  No opposition has been received as of the date of this order.

## LEGAL STANDARD

Normally, a final judgment is not entered in an action until all claims have been resolved.  However, Rule 54(b) of the Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment."  Fed.R.Civ.P. 54(b).  In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980);  Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956).  Second, the court must determine whether there is any just reason for delay.  Curtiss-Wright Corp., 446 U.S. at 7.  Simply stated, Rule 54(b) requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal.  See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2656 (1998).

## DISCUSSION

As previously stated, the FAC does not allege any specific claims against Alliance, and

2

alleges only generalized, non-cognizable conduct against Susan White.  The FAC does not allege any conduct against either defendant that could be considered the basis of a claim.  The court granted Alliance and Susan White's motion for judgment on the pleadings because Plaintiff failed to state any claim against either defendant that complied with the minimum notice pleading standard of Rule 8(a)(2).  Thus, with respect to Alliance and Susan White, all Plaintiff's claims have been finally settled.

     Plaintiff has had abundant opportunity to respond to Alliance and Susan White's motion for judgment on the pleadings and to oppose the instant motion for entry of final judgment.  The court can only presume at this point that Plaintiff has failed to state any claim because there is no set of facts that can be alleged in good faith that would support any of the claims set forth in the FAC as to these two defendants.  The court therefore concludes there is no reason to delay entry of final judgment in favor of Alliance and Susan White.

     THEREFORE, in consideration of the foregoing, it is hereby ORDERED that Alliance and Susan White's motion for entry of final judgment is hereby GRANTED.  The Clerk of the Court shall enter final judgment in favor of defendants Alliance Title Company and Susan White.

IT IS SO ORDERED.

Dated:   December 12, 2006                    /s/ Anthony W. Ishii
0m8i78                                        UNITED STATES DISTRICT JUDGE