1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **ESTATE OF CAROL KLIGGE,** | ) | **CIV F 05-1519 AWI DLB** |
| | ) | |
| **Plaintiff,** | ) | **ORDER ON MOTION TO** |
| | ) | **REMAND AND ORDER** |
| **v.** | ) | **DIRECTING PAYMENT OF** |
| | ) | **SANCTIONS** |
| **FIDELITY MORTGAGE OF** | ) | |
| **CALIFORNIA, et al.** | ) | [Document # 165] |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

16    This is an action by the estate of Carol Kligge ("Plaintiff") against a number of financial

17  institutions for the alleged failure of the institutions to adequately protect Carol Kligge's

18  financial interests, against several individuals for fiduciary abuse of a disabled person, and

19  against certain healthcare business entities for failure to protect or properly supervise.   The

20  action, which was originally filed in the Superior Court of Stanislaus County, was removed to

21  this court on the basis of federal question jurisdiction arising from claims under the federal Truth

22  In lending Act and the Real Estate Settlement Procedures Act, both of which were alleged against

23  certain of the financial institution defendants only.  In the course of this proceeding defendants,

24  Alliance Title Company and their employee, Susan White, Union Bank of California, N.A.,

25  Greenpoint Mortgage, Inc., Fidelity Mortgage of California, Inc., Mortgage Electronic

26  Registration Systems, Inc., and American Travel Related Services, Inc. (collectively, the

27  "financial entity Defendants"), were dismissed.

28    On June 15, 2007, individual defendant Charlotte Rupp filed a motion to dismiss for

failure to prosecute, or in the alternative for sanctions.  Healthcare business defendant Carequest, Inc. D.b.a. Carescope (hereinafter "Carescope") filed a motion to dismiss on the same grounds on June 25, 2007.  Hearing on the motions to dismiss was held on September 12, 2007.  At the hearing the court denied the motions to dismiss but granted the motions in the alternative for sanctions.  The court directed the parties to submit a stipulated order for remand not later than October 10, 2007.  No stipulated order was filed.

On October 30, 2007, Plaintiff filed a motion to remand.  On December 13, 2007, the court vacated the hearing date for the motion to remand and directed any opposition to the motion to remand to be filed by December 23, 2007.  The court's order provided that any non-response would be deemed at statement of non-opposition.  Defendants Charlotte Rupp and Carescope timely filed statements of non-opposition.  The only opposition to the motion to remand was filed by individual defendant Tammy Hall on January 2, 2008.

**I. Motion to Remand**

Pursuant to 28 U.S.C., section 1367(c), a district court may decline to exercise supplemental jurisdiction over state law claims if, *inter alia*, "the court has dismissed all claims over which it has original jurisdiction."  With the dismissal of the financial entity defendants, there are no remaining federal question claims before the court.  Neither party alleges any other basis for federal jurisdiction.  The court concludes there are no claims remaining in this action over which the court has original jurisdiction.

Plaintiff alleges, and the remaining defendant parties do not dispute that this case has become intertwined to some extent with probate proceedings in the state court related to the estate of Lila Hall, a now-deceased non-party to this case, but a person alleged by the FAC to have played a central role in the acts that harmed Plaintiff.  Plaintiff has also alleged, without explanation, that settlement with individual defendant Payan is somehow contingent on, or would be facilitated by, the remand of this action to the state court.

Tammy Hall represents herself *in pro per* in this action.  Her "opposition" to the motion

for remand admits of an unfamiliarity with law and its process, and her pleading is consistent with that admission. Tammy Hall's "opposition" does not present any argument that could be considered relevant to the question of remand. Tammy Hall's opposition is difficult to read, but it appears to make several contentions that relate to the appropriateness of the named parties in this case. Tammy Hall also argues that the allegations against her and her now-deceased mother are meritless and that decedent, Carrol Klegge received high quality care from defendants Lila Hall and Tammy Hall. The "opposition" also references without elaboration a "mandatory stay" in the bankruptcy proceedings with respect to the estate of Lila Hall. Tammy Hall's "opposition" also suggests somewhat ambiguously that either Tammy Hall, or someone for whom she cares, is disabled and in poor medical condition such that her ability to travel longer distances is diminished. These facts, if true, appear to argue for the remand of this action to a court more accessible to Tammy Hall and the rest of the parties in this case.

The court finds there is no substantial opposition to Plaintiff's motion for remand. The court further finds Plaintiff has offered facts that are not rebutted by any defendant party that indicate that remand to the state court may better facilitate the prompt resolution of this case. The court also finds that remand to the state court will serve the convenience of the parties by lessening problems of access by shifting further proceedings to a more local venue. The court will therefore grant Plaintiff's motion for remand.

**II. Sanctions**

At the hearing of September 12, 2007, the court found that Plaintiff's counsel unreasonably delayed proceedings by failing to follow orders of the court. While the court denied Defendants' motion to dismiss for lack of prosecution, the court determined that Defendant counsel were entitled to sanctions to compensate costs incurred in bringing the motions to dismiss that had been occasioned by Plaintiff counsel's lack of diligence. The court ordered attorneys for defendants Rupp and Carescope to submit declarations of costs and fees related only to their respective motions to dismiss. Declarations of costs and attorney fees were

3

1   submitted by attorneys for Carescope and Rupp on September 13, 2007, and September 20, 2007,

2   respectively.

3       The United States Supreme Court has held that, "[t]he most useful starting point for

4   determining the amount of a reasonable fee is the number of hours reasonably expended on the

5   litigation multiplied by a reasonable hourly rate."   Hensley v. Eckerhart, 461 U.S.  424, 433

6   (1983).  In rare cases, a district court may make upward or downward adjustments to the

7   presumptively reasonable lodestar figure on the basis of the factors set forth in Kerr v. Screen

8   Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been deemed subsumed in

9   the lodestar calculation.   Gates v. Deukmejian, 977 F.2d 1300, 1310 (9th Cir. 1992).   In

10  determining the appropriateness of an hourly rate, the court should use the prevailing market rate

11  in the community for similar services of lawyers "of reasonably comparable skill, experience,

12  and reputation."   Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1985).

13      The law firm of Thomas Minder & Associates, attorneys for defendant Carescope,

14  submitted a declaration of costs ("Minder Declaration") that included a total of 3.1 hours for

15  preparation of moving papers, reply briefs and review of Plaintiff's submissions, and 7.5 hours

16  travel time for travel from Sacramento to Fresno and return.  The total time billed was 10.6 hours

17  and the billing rate was $160.00 per hour.  The Minder Declaration also claims a total of $174.80

18  in costs.  The total billed to the client and claimed by the Minder law firm is $1,870.80.

19      The law firm of John L. Fallat, attorneys for defendant Charlotte Rupp, submitted a

20  declaration of costs incurred in connection with the motion to dismiss for lack of prosecution

21  (hereinafter the "Fallat Declaration").  The costs claimed in the Fallat Declaration include a total

22  of 7 hours in preparation of moving papers, billed at $160.00 per hour, and a total of 1.5 hours

23  reviewing Plaintiff's opposition and other filings by Plaintiff and the court, which were billed at

24  $185.00 per hour.  Travel time from San Rafael to Fresno and return, and time at hearing totaled

25  8.3 hours billed at $160.00 per hour.  The Fallat Declaration also claims a total of $193.93 in

26  milage and other costs.  The total of attorney fees and costs claimed in the Fallat declaration is

27

28                                                   4

1   $3,129.43.

2         The court has reviewed the Fallat and Minder Declarations, as well as objections by

3   Plaintiff's attorney.  The scope attorney fees and costs awarded pursuant to the court's order of

4   September 12, 2007, is very narrow and the fees and costs claimed are in keeping with the order.

5   The court finds the times claimed for document review and preparation are reasonable under the

6   circumstances and departure either upward or downward is not warranted.  The time requested

7   for travel is also reasonable given the distances involved.  The court also finds the billing rates

8   applied are within the range of rates normally claimed in this market for the level of complexity

9   of the work involved.  The court will therefore award the amounts claimed without adjustment.

10

11        THEREFORE, it is hereby ORDERED that:

12  1.   The law office of Spradlin & Ferguson pay the law office of John L. Fallat the sum of

13        $3,129.43.

14  2.   The law office of Spradlin & Ferguson pay the law office of Thomas Minder &

15        Associates the sum of $1,870.80.

16  3.   The court hereby orders this action REMANDED to the Superior Court of Stanislaus

17        County.

18  4.   This court hereby declines further jurisdiction in this case except to the limited extent

19        necessary to enforce the foregoing award of sanctions.  The Clerk of the Court shall

20        CLOSE the CASE.

21

22  IT IS SO ORDERED.

23  **Dated:   January 16, 2008**                        /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE
24

25

26

27

28                                   5